(No. 82-CC-0492-)

PETER P. GODELS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 7, 1985.*

SAIKLEY, GARRISON & KAGAWA, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause was heard on a motion to dismiss before the entire Court, and oral argument was then and there presented. Following that hearing, the case was referred to Commissioner Barnes for a hearing. The case was then presented to the commissioner by way of stipulation. Pursuant to the stipulation, the commissioner wrote his report.

The evidence before us, pursuant to stipulation, establishes that the Claimant became the owner of a certain piece of real estate, located in the Village of

Tilton, by warranty deed executed and acknowledged on April 24, 1968, for the sum of $2,000.00 from Ira and Pearl Accord.

Pursuant to affidavit, the purchaser states the deed was delivered to him on the date that it bears, but that he did not record the deed until the year 1980. On October 3, 1969, the Illinois Department of Public Aid, hereafter referred to as IDPA, filed a notice of lien against the real estate in question and duly renewed said lien within the five-year period as provided by statute. The Claimant attempted to sell the real estate to third parties in the year 1980, at which time he was made aware that there was a $1,350.00 lien claim from the IDPA. The Claimant requested the IDPA to remove said lien, but they refused and accordingly he was required to pay $1,350.00 to obtain a release so as to convey merchantable title.

It is further noted for the record that Ira Accord and Pearl Accord had applied for public assistance in July of 1969, and were both granted the same in 1969, with medical assistance for Pearl Accord from June of 1969. There is some indication in the record that Ira Accord had received some benefits as far back as 1948 and into 1969, but we do not believe that this is relevant to our discussion. There is no allegation or stipulation that this transaction was other than an arms-length transfer of property for full value between nonrelated parties. Since this is the case, we are presented with a very narrow legal issue, being:

What is the effect, if any, of a public assistance notice of lien filed pursuant to section 3—10.2 of the Illinois Public Aid Code on a prior, but unrecorded, transfer of real estate? Ill. Rev. Stat., ch. 23, par. 3—10.2.

The law is quite clear that a transfer is effective

between parties upon delivery of a deed regardless of whether or not the State should receive any protection by virtue of the fact that the deed was not recorded. The public assistance lien is a general lien that, when filed, attaches to any property owned by the recipients. This is further shown by the specific statutory language in section 3—10.2, which states, and we quote, "The lien shall be prior to any lien thereafter recorded or filed and shall be notice to a *subsequent purchaser* (emphasis added), assignor, or encumbrancer of the existence and nature of such lien." (Ill. Rev. Stat., ch. 23, par. 3—10.2.) In our opinion, the Claimant does not move to the position of a subsequent purchaser simply because he did not record the deed. In support of this result, we would further refer the parties to the discussion by John Cribbet in his book, *Principles of the Law of Property.* In his discussion upon the law of recording, he bases the criterion for being protected on those who rely on the system. In other words, if you are a purchaser for value (BFP) or have lent money on reliance of a clear title, then obviously you would be protected against clouds, liens, or judgments on the premises. The State, however, does not meet this criterion. In fact, public aid is given on the basis of not having property of sufficient income. The State did not rely on any ownership of property to make such payments. Therefore, the lien was invalid.

The State then received a windfall from the Claimant due to the contractual pressures of his not being able to consummate a sale until he could convey merchantable title.

For all of the above reasons, this Court awards the Claimant the sum of $1,350.00.